# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 1:13CR00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JESSIE MORGAN ERVIN, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Jessie Morgan Ervin, Jr., has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unlawful. After consideration of the record and applicable case law, I conclude that Ervin's motion must be dismissed.

I.

Ervin pleaded guilty, in a written Plea Agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(C). Ervin's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as an armed career criminal in that he had "at least three prior convictions for a violent

felony or serious drug offense, or both." PSR ¶ 33, ECF No. 48. The predicate offenses supporting his status as an armed career criminal included a prior Virginia conviction for malicious wounding, and two prior Virginia convictions for possession of cocaine with intent to distribute. *Id*. at ¶¶ 41, 42 and 43. On October 23, 2013, I sentenced Ervin to 180 months' incarceration on each count, to be served concurrently, after adopting the PSR and concluding that he was an armed career criminal. Ervin did not appeal.

I appointed the Federal Public Defender to represent Ervin and provide briefing, if necessary, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The Federal Public Defender filed an Amended § 2255 Motion on Ervin's behalf, supplementing his pro se § 2255 Motion. ECF Nos. 60, 63. On August 24, 2017, I stayed the case pending a decision by the United States Court of Appeals for the Fourth Circuit in *United States v. Jenkins*, Case No. 16-4121. *Jenkins* has now been decided, No. 16-4121, 2018 WL 1225728 (4th Cir. Mar. 9, 2018) (unpublished) and accordingly, the § 2255 Motion is ripe for review.

II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such

sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Ervin bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A. *The ACCA Enhanced Sentence Structure*.

Ervin claims that he no longer qualifies as an armed career criminal because his malicious wounding conviction cannot be used to support an enhanced sentence under the ACCA. This argument is foreclosed by *Jenkins*.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. Specifically it concluded that crimes "otherwise involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," known as the "residual clause," was unconstitutionally vague.

*Id*. at 2555-56. However, it did not strike down the other portions of the violent felony definition, including the "force clause," which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court's decision in *Johnson* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

*B. Predicate Offenses.*

Ervin has three predicate offenses that I used to support his enhanced ACCA sentence, two drug convictions, which he does not challenge here, and one conviction for malicious wounding. He claims that malicious wounding no longer qualifies as a violent felony because it does not fall under the "force clause" of the ACCA, the only definition potentially applicable after *Johnson* invalidated the residual clause. However, *Jenkins* holds the opposite.

In *Jenkins*, the Fourth Circuit concluded that Virginia malicious wounding convictions continue to qualify as violent felonies following *Johnson*. The court held that because a conviction for malicious wounding requires both "causation of bodily injury" and "intent to maim, disfigure, disable or kill," it satisfies the force clause of the ACCA. 2018 WL 1225728, at *1.

III.

Because Ervin continues to have three predicate offenses even following *Johnson*, he cannot establish that he was improperly sentenced as an armed career criminal or that he is entitled to relief.[1]  28 U.S.C. § 2255(a).  His motion will be dismissed.

A separate Final Order will be entered forthwith.

DATED:  April 9, 2018

/s/  James P. Jones
United States District Judge

---

[1] Ervin has filed a pro se Motion to Traverse to the Return of Government. In the motion, he reiterates his claim that he no longer qualifies as an armed career criminal following *Johnson*.  In addition, he makes a broad claim that "[c]ounsel was ineffective at all phases of the proceedings."  Mot. 2, ECF No. 83.  This ineffective assistance of counsel claim is time barred.  *See* 28 U.S.C. § 2255(f).